# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO S.C.M., A MINOR.

TENISHA MITCHELL,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT OF FAMILY SERVICES; AND S.C.M., A MINOR,
Respondents.

No. 80751

**FILED**

JUL 0 1 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order terminating parental rights. Eighth Judicial District Court, Family Court Division, Clark County; Bryce C. Duckworth, Judge.

In November 2018, both appellant Tenisha Mitchell and her nonparty boyfriend Mr. Williams were arrested for domestic violence and no adult remained in the home to care for SCM. The Department of Family Services (DFS) filed an abuse/neglect petition alleging that SCM, age 4, required protection. Tenisha pleaded no contest, and the district court found SCM to be a child in need of protection as an abused and neglected child pursuant to NRS Chapter 432B. Following unsuccessful progress on a case plan, DFS moved for a termination of parental rights (TPR), arguing that termination served SCM's best interests, because Tenisha had not substantially engaged in reunification efforts or demonstrated necessary behavior changes and SCM was bonded to her foster care providers and siblings. DFS argued that there was an extensive domestic-violence history between Tenisha and Williams; that abandonment can be presumed for the putative biological father, whose location was not known and who has not

participated in any way in the proceedings; that neglect was shown based on Tenisha's failure to provide necessary care for SCM's wellbeing; that unfitness and failure of parental adjustment was shown based on Tenisha's failure to adequately participate with the case plan; that Tenisha had made only token efforts to reunify; and that there was a serious risk of physical, mental, or emotional injury if SCM was returned to Tenisha's care because the factors leading to the dangerous environment had not been resolved. SCM joined DFS's motion. Following a trial before a hearing master, the master recommended termination. Noting that Tenisha did not file an objection, the district court approved and adopted the master's recommendations, terminating Tenisha's parental rights.

To begin with, Tenisha raises three claims on appeal that she did not raise below. First, she argues that the Nevada Legislature did not provide for the use of hearing masters in the NRS Chapter 432B TPR statutes and thus that the use of a master in such proceedings was not permitted. Second, she argues that exceptional circumstances did not permit assigning the matter to a master under NRCP 53(b). Third, Tenisha also argues that permitting a master to conduct such proceedings amounts to an equal protection violation by treating parties in NRS Chapter 432B TPR proceedings differently than those in NRS Chapter 128 TPR proceedings. Because Tenisha raises these challenges for the first time on appeal, these claims are waived.[1] *See Old Aztec Mine, Inc. v. Brown*, 97

---

[1]Tenisha also discusses due process, arguing that a parent-child relationship is entitled to due process protection. Tenisha does not argue any violation of those rights or that relief is warranted on this basis. As Tenisha proffers no cogent argument supporting a claim, we decline to address this matter. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330

Nev. 49, 52, 623 P.2d 981, 983 (1981). *But see In re Parental Rights as to L.L.S.*, 137 Nev., Adv. Op. 22, ___ P.3d ___, ___ (2021) (considering on the merits a challenge to the use of hearing masters on this basis that the appellant-parent did not raise below where the child's counsel did raise the challenge below, the district court invited briefing on the issue, and the district court entered a thorough order addressing the claim, such that the claim itself was not raised and litigated for the first time on appeal).

*Parental fault was established*

Tenisha next argues that parental fault was not established because she had successfully addressed the domestic-violence, substance-abuse, and mental-health risk factors that had been present. To terminate parental rights, the State must establish by clear and convincing evidence that termination serves the child's best interests and that parental fault exists. *In re Parental Rights as to J.D.N.*, 128 Nev. 462, 471, 283 P.3d 842, 848 (2012); NRS 128.090(2); *see* NRS 128.105. Parental fault is established by finding child abandonment; child neglect; parental unfitness; failure of parental adjustment; risk of serious physical, mental, or emotional injury if the child were returned to the home; only token efforts by the parents; or a finding under NRS 432B.393(3). NRS 128.105(1)(b). NRS 432B.393(3) permits the district court to waive the requirement that DFS make reasonable efforts to reunify the family where the parent's parental rights to a sibling of the child were terminated by court order. NRS 432B.393(3)(c). In reviewing an order terminating parental rights, this court reviews legal questions de novo and the district court's factual findings for substantial evidence. *In re J.D.N.*, 128 Nev. at 471, 473, 283 P.3d at 848, 850.

n. 38, 130 P.3d 1280, 1288 n. 38 (2006) (noting that this court need not consider an issue not cogently argued or supported by salient authority).

"Substantial evidence is that which a reasonable person would accept as adequate to sustain a judgment." *In re Parental Rights as to M.F.*, 132 Nev. 209, 217, 371 P.3d 995, 1001 (2016).

We conclude that substantial evidence supports the district court's determination that clear and convincing evidence demonstrates appellant's parental unfitness.

The district court found that parental fault was established on three of the statutory bases and that substantial evidence supported these findings.

First, the district court waived the requirement that DFS make reasonable efforts to reunify under NRS 432B.393(3)(c), finding that Tenisha had previously had her parental rights terminated as to SCM's siblings. Tenisha argues that clear and convincing evidence does not support this finding in light of her difficult upbringing, but does not dispute the prior terminations. Accordingly, substantial evidence supports this finding, as the record shows that Tenisha previously had her parental rights terminated as to six children in five cases.

Second, the district court found failure of parental adjustment by clear and convincing evidence in that Tenisha was unable or unwilling to correct the circumstances, conduct, or conditions that led to SCM's placement outside the house. The district court noted Tenisha's past involvement in domestic violence with Williams, including her refusal to testify against him, extend TPOs against him, or terminate the relationship—even after purporting to end the relationship she had not informed him that relationship was over, had not committed to getting a new TPO after Williams' release from incarceration, and still kept his belongings at her home. Tenisha's testimony supports these findings. The

district court did not credit Tenisha's argument that she permanently terminated the relationship, noting this evidence to the contrary. *See In re J.D.N.*, 128 Nev. at 477, 283 P.3d at 852 ("As the family division of the district court is in a better position to weigh the credibility of witnesses, we will not substitute our judgment for that of the district court."). Further, the record shows that Tenisha only communicated the end of the relationship by yelling at Williams as he was arrested in the latest incident. Moreover, the record demonstrates that the relationship had persisted despite 19 previous domestic violence calls and Williams had returned to the home after his release from incarceration on the penultimate domestic-violence incident. Therefore, substantial evidence supports the district court's finding.

Third, the district court found a risk of harm to SCM by clear and convincing evidence should she be returned to the home, noting that her trauma, which resulted from exposure to domestic violence, required ongoing therapy. The district court found that Tenisha had only minimally participated in SCM's extensive services and had a limited understanding of how her actions have contributed to this trauma. Specifically, a DFS mental health counselor testified that SCM was diagnosed with adjustment disorder with mixed anxiety and depression that required continued services. The counselor testified further that SCM's progress was inhibited when Tenisha reinforced bad behavior by bringing toys and candy to visitations, despite a mutual agreement that Tenisha would not do so. The district court determined that Tenisha's progress in learning to become a better mother did not obviate her trial testimony in which she minimized the seriousness of SCM's needs. Moreover, Tenisha's assertion that Tenisha had not had an emotional outburst at visitation since five months before the

TPR trial was repelled by the DFS specialist's testimony that she was called to the visitation center to respond to an outburst by Tenisha four times in the six months preceding the TPR trial. Therefore, substantial evidence supports this finding, and we conclude that the district court did not err by finding parental fault.

*Termination served SCM's best interests*

Lastly, Tenisha argues that substantial evidence did not support the district court's finding that she did not overcome NRS 128.109's presumption that termination was in SCM's best interest. She argues that she rebutted the presumption with her testimony that she has ended the relationship with her abusive boyfriend, maintained her sobriety, and pursued mental health treatment.

The district court may only terminate parental rights where it serves a child's best interests. NRS 128.105(1)(a). In evaluating the child's best interest, the court must consider a child's physical, mental, and emotional needs. NRS 128.005(2)(c). Parental fault is a necessary consideration in determining the child's best interests. *In re Parental Rights as to K.D.L.*, 118 Nev. 737, 744, 58 P.3d 181, 186 (2002). Where the child has been removed from the custody of the parents and placed in foster care, the district court must consider the factors set forth in NRS 128.107 and NRS 128.108 in evaluating best interests. *See In re Parental Rights as to S.L.*, 134 Nev. 490, 497, 422 P.3d 1253, 1259 (2018). Termination of parental rights is presumed to serve the child's best interests if the child has been placed outside of the home for 14 of any consecutive 20 months. NRS 128.109(2). The burden to rebut this presumption is a preponderance of the evidence. *In re J.D.N.*, 128 Nev. at 471, 283 P.3d at 848.

As stated above, the district court found parental fault on three bases, and substantial evidence supports those findings. The district court also considered the factors set forth in NRS 128.107 and NRS 128.108 and concluded that they showed that termination served SCM's best interests. Tenisha does not challenge the district court's NRS 128.107 and NRS 128.108 findings.

Next, the district court found that the presumption under NRS 128.109(2) that termination was in SCM's best interests applied because she had been placed outside of the home for 14 of 20 consecutive months. The record shows that she had been placed outside the home, in either Child Haven or a foster placement, for the preceding 14 months, and Tenisha does not challenge this finding.

Tenisha first argues that the district court found best interests solely on the basis of NRS 128.109's presumption. As stated, the record repels that argument, as the district court considered the presumption along with parental fault and the considerations raised by NRS 128.107 and NRS 128.108.

Tenisha next argues that she rebutted NRS 128.109's presumption by virtue of her ending the abusive relationship, maintaining sobriety, and attending to her mental health issues. She contends that the district court's findings that Tenisha did not terminate the abusive relationship are "subjective conclusions" which she implies should not be credited. The district court evidently did not credit Tenisha's testimony that the relationship had ended in light of the evidence to contrary. That the district court's finding involved a credibility determination is not a basis on which the finding may be challenged for lacking substantial evidence. *See In re J.D.N.*, 128 Nev. at 477, 283 P.3d at 852. As discussed throughout,

substantial evidence supports the district court's findings that Tenisha did not show that the risks facing SCM been eliminated and, consequently, that Tenisha did not overcome the NRS 128.109 presumption that termination was in SCM's best interest. The district court therefore did not err in finding that termination served SCM's best interests. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Bryce C. Duckworth, District Judge, Family Court Division
The Grigsby Law Group
Lewis Roca Rothgerber Christie LLP/Las Vegas
Legal Aid Center of Southern Nevada, Inc.
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A